UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-13105-GAO

MICHAEL J. GILL,
Plaintiff,

v.

JONATHAN D. FRIEDMANN,
Defendant.

OPINION AND ORDER
June 17, 2015

O'TOOLE, D.J.

The plaintiff, acting *pro se*, brings this action against the defendant alleging legal malpractice, civil conspiracy, and violations of the civil Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ("RICO"). The plaintiff is the president and sole shareholder of The Mortgage Specialists, Inc. ("MSI"). The defendant is an attorney admitted to practice in Massachusetts and formerly represented the plaintiff and MSI. Although the plaintiff brings this action in his individual capacity, he purports to seek relief for injury claimed to have been done to his corporation, MSI, on the ground that "all harm attributed to that corporation directly harmed the plaintiff by depriving him of salary and distributions of profits." (Compl. ¶ 1 (dkt. no. 1).) The defendant has moved to dismiss for failure to state a claim.

I.      **Background**

The complaint recites a long list of grievances and accusations directed at the defendant and numerous other individuals and entities that are not parties to this action.[1] It is unclear how

---

[1] The plaintiff has brought several other suits against other defendants in different courts, including this Court, the United States District Court for the District of New Hampshire, the Massachusetts

many of the alleged facts relate to the plaintiff's claims in this case. Briefly put, the complaint alleges the following: In 2008 the plaintiff retained the defendant in connection with an investigation by the Massachusetts Division of Banks ("MABD") and an audit by the New Hampshire Banking Department ("NHBD") the purpose of which was "to put MSI into total disarray with the intent of closing the company's doors." (Id. ¶ 16.) The plaintiff also hired two attorneys from Morrison Mahoney, LLP, Nicholas Alexander and Eric Renner, to handle various legal malpractice claims on behalf of himself and MSI against a number of lawyers, accountants, and firms in connection with tax disputes, leaks of confidential information, the NHBD audit, and the plaintiff's divorce. (Id. ¶ 28.) Notably, the plaintiff does not allege that the defendant was retained to pursue any of these claims.

In 2012 only a few days before the statute of limitations was about to run on a suit to be brought on the plaintiff's behalf in a New Hampshire court by Morrison Mahoney attorneys, Alexander and Renner informed the plaintiff that Morrison Mahoney would not file the malpractice complaint and that the plaintiff and MSI would have to obtain New Hampshire counsel to file the complaint. Alexander and Renner asked the defendant, who represented the plaintiff in other matters, whether he would act as a placeholder attorney in the contemplated malpractice case. Because the defendant was not admitted in New Hampshire, he referred Alexander and Renner to an associate in his firm. The defendant also asked that Morrison Mahoney indemnify him and his firm as to the factual allegations and representations in the complaint, which had apparently been drafted at Morrison Mahoney. No such indemnification agreement was concluded, however, and the defendant's firm declined to file the complaint. The plaintiff therefore hastily

Superior Court, and the New Hampshire Superior Court. See Gill v. Morrison Mahoney LLP, No. 13-cv-11241-RWZ, 2014 WL 2708433, at *1 (D. Mass. June 16, 2014).

filed a *pro se* complaint in New Hampshire state court before the statute of limitations expired. The plaintiff alleges, conclusorily, that the refusal of Alexander, Renner, and the defendant to file the complaint "was based on their coordinated plan to commit fraud against the plaintiff and obstruct justice." (<u>Id.</u> ¶ 47.)

The plaintiff alleges that the defendant here accepted "a confidential, attorney-privileged document from the plaintiff which was a 50 page chronological narrative detailing plaintiff's active cases" created for Morrison Mahoney's representation that he allegedly released to a public relations firm and to another attorney. (<u>Id.</u> ¶ 41.) No more specific description of the allegedly privileged document or of relative attending circumstances is given in the complaint. The plaintiff also claims that the defendant's representation of the plaintiff created a conflict of interest, although the plaintiff was not told "what these particular conflicts were or with whom they were with despite numerous requests." (<u>Id.</u> ¶ 50.)

In addition to his allegations surrounding the malpractice complaint, the plaintiff alleges that the defendant and others who are not parties to this action, including Alexander, Renner, Morrison Mahoney, NHBD, MABD, Liberty International Insurance, and numerous others, conspired to shut down MSI and to prevent the plaintiff from going to the FBI and press. He also alleges that the defendant failed to report acts of malpractice and ethical violations that the defendant witnessed by others and that the defendant used his influence as a hearing officer with the Massachusetts Board of Bar Overseers to get the plaintiff's complaints of wrongdoing dismissed.

**II.** **Discussion**

Even allowing for a liberal construction of the *pro se* plaintiff's complaint, <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st. Cir. 1997), the complaint fails to state a claim for legal

malpractice, conspiracy, or civil RICO violations against the named defendant. The complaint does not allege sufficient facts to make the claims plausible on their face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). It is notable that the claims in Twombly, as in this case, centered on theories of conspiracy. There the Court held that conclusory allegations of conspiracy were insufficient; the pleader was required to plead sufficient facts to make an inference of conspiracy plausible, thus satisfying Federal Rule of Civil Procedure's requirement that the facts pled in the complaint must "show that the pleader is entitled to relief." Id. at 577. Although long-winded, the present complaint contains little more than labels, conclusions, and finger-pointing, including at individuals and entities that are not parties to this action. The absence of sufficient facts requires dismissal of the complaint under Twombly and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

As a general matter, the complaint does not make clear what claims, if any, belong to Gill as an individual, as distinguished from his corporation, MSI. Notwithstanding the plaintiff's ownership interest, he and MSI are distinct legal entities. "Even a *sole* shareholder acquires no personal cause of action because of an injury – real or threatened – to the corporation." In re Dein Host, Inc., 835 F.2d 402, 406 (1st Cir. 1987) (emphasis in original). Moreover, "[o]ne of the time-hallowed restrictions on corporations has been that, in court proceedings, they must be represented by a licensed attorney." In re Las Colinas Dev. Corp., 585 F.2d 7, 13 (1st Cir. 1978). Accordingly, as this Court noted in dismissing claims brought by MSI in another action by this plaintiff, "Mr. Gill, who is not a lawyer, is not permitted to represent a party other than himself." Gill v. Morrison Mahoney LLP, No. 13-cv-11241-RWZ, 2014 WL 2708433, at *2 (D. Mass. June 16, 2014).

More significantly, the plaintiff fails to allege the necessary elements of his claims. To begin with, as to the legal malpractice claim, the existence of an attorney-client relationship between the plaintiff and the defendant is an essential predicate. <u>Miller v. Mooney</u>, 725 N.E.2d 545, 549 (Mass. 2000). The complaint fails to distinguish sufficiently between Gill and MSI and thus does not adequately allege that Friedmann owed a duty of professional care to Gill personally, rather than the company. More particularly, while the overall gist of the complaint seems to relate to events concerning the filing of a malpractice case in New Hampshire, it does not allege that Gill, the plaintiff, and Friedmann, the defendant, entered into an attorney-client relationship with respect to that matter. To the contrary, it appears to claim that Friedmann declined to agree to represent Gill (or MSI, it is not clear which) with respect to the New Hampshire matter.

As to the other claims, Massachusetts law provides for two types of civil conspiracy tort claims. It appears the complaint means to allege a claim for injury resulting from concerted action by participants in the proposed conspiracy. To adequately allege a conspiracy involving concerted action, there must be sufficient allegation of "first, a common design or an agreement, although not necessarily express, between two or more persons to do a wrongful act and, second, proof of some tortious act in furtherance of the agreement." <u>Aetna Cas. Sur. Co. v. P & B Autobody</u>, 43 F.3d 1546, 1564 (1st Cir. 1994). The plaintiff presents no specific facts that are sufficient, under <u>Twombly</u> and <u>Iqbal</u>, to plausibly allege this tort on behalf of Gill the individual against Friedmann.

Finally, RICO makes it unlawful for "any person employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). "Racketeering activity" is defined to involve a certain set of predicate crimes under state and federal law. <u>See</u> 18 U.S.C. § 1961(1). To establish "a pattern, a plaintiff must show both a

relationship among the predicate acts and continuity. . . . Continuity requires that the related predicates amount to or pose a threat of continued criminal activity." <u>Soto-Negron v. Taber Partners I</u>, 339 F.3d 35, 38 (1st Cir. 2003) (internal citations omitted). The complaint contains absolutely no factual allegations sufficient to allege either the existence of an enterprise or of predicate criminal activity, and it therefore fails to state a claim under RICO.

## III.    Conclusion

For the reasons stated herein, the defendant's motion to dismiss (dkt. no. 10) is GRANTED. The action is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge
